UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JACQUELINE HAYES, | Civil No. 11-462 (MJD/JSM) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| U.S. DEPARTMENT OF JUSTICE, ET AL., | |
| Defendants. | |

## I.   INTRODUCTION

Plaintiff, a former federal prison inmate, commenced this action in the Eastern District of Missouri, by filing a self-styled civil complaint, and an application seeking leave to proceed in forma pauperis, ("IFP").  (Docket Nos. 1 and 2.)  The case was transferred to this District, because Plaintiff's claims apparently arose while she was incarcerated at the Federal Correctional Institution in Waseca, Minnesota, ("FCI-Waseca").  (See Transfer Order dated February 18, 2011; [Docket No. 3].)  After the case was transferred to this District, Plaintiff was informed that she would have to pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b) before this case could proceed.  (See Order dated March 7, 2011; [Docket No. 6].)

Plaintiff subsequently paid her initial partial filing fee, (Docket No. 7), and the matter then came before the Court for further review.  At that time, the Court noted that Plaintiff had filed a letter, (Docket No. 9), which seemed to indicate that she wanted to amend her complaint to include some additional allegations.  The Court therefore granted Plaintiff leave to file an amended complaint.  (Order dated April 6, 2011; [Docket No. 10].)  The Court also apprised Plaintiff that if she did not file an entirely new pleading by May 5, 2011, she would be deemed to have waived her right to amend, and her original complaint would

then be screened pursuant to 28 U.S.C. § 1915A.  (Id.)

The deadline for filing an amended complaint has now expired, and Plaintiff has not filed a new pleading.[1]  Therefore, the matter is now ripe for consideration of Plaintiff's still pending IFP application, and for preliminary screening of Plaintiff's original complaint pursuant to § 1915A.  The matter has been assigned to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court finds that this action must be summarily dismissed, because Plaintiff's complaint fails to state a cause of action on which relief can be granted.

## II.     PLAINTIFF'S COMPLAINT

Plaintiff's three-page handwritten complaint, (Docket No. 1), lacks many of the elemental pleading requirements prescribed by the Federal Rules of Civil Procedure.  The complaint does not have a caption, or a title identifying the parties, as required by Fed. R. Civ. P. 10(a).  The complaint also lacks "a short plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim," as required by Fed. R. Civ. P. 8(a).  The allegations in the complaint are not "simple, concise, and direct," as required by Fed. R. Civ. P. 8(d)(1); nor are plaintiff's allegations set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Fed. R. Civ. P. 10(b).

Because Plaintiff has ignored virtually all of the basic pleading requirements for a federal court action, it is impossible to discern who she is actually attempting to sue, and

---

[1] On May 5, 2011, Plaintiff filed an eight-page handwritten document that bears no title or caption.  (Docket No. 11.)  That document certainly cannot be construed to be an amended complaint – especially in light of the detailed pleading instructions set forth in the Court's order of April 6, 2011. Nevertheless, Plaintiff's recent submission is included in the record, and it has been duly considered by the Court.

it is very difficult to discern any of the factual grounds for her lawsuit. However, Plaintiff has alluded to three separate administrative claims that she has filed pursuant to the Federal Tort Claims Act, ("FTCA"), and she has submitted copies of her three FTCA administrative claims with her complaint. ("Exhibits," [ Docket No. 1-1].) Thus, it can reasonably be inferred that Plaintiff is attempting bring an FTCA action.

The administrative claims submitted with Plaintiff's complaint indicate that she is seeking relief for three separate incidents. The first administrative claim, ("Exh A"), indicates that on June 11, 2008, Plaintiff slipped on a wet step and apparently injured her right knee. The claim form provides no information about where or how this incident occurred, and it does not identify any federal employee, (or anyone else), who had any involvement in the incident.

The second administrative claim, ("Exh B"), indicates that on September 25, 2009, Plaintiff was given wet clothes to wear. Plaintiff contends that the wet clothes had mildew on them, and she developed a fungus from wearing the wet clothes. The administrative claim does not identify any federal employee, (or anyone else), who had any involvement in the incident.

The third administrative claim, ("Exh C"), indicates that in October 2009, Plaintiff developed a hand or wrist ailment from working at a prison industry job. She alleges that she was forced to continue to work, despite her injuries, and she did not receive proper medical care for her injuries. Plaintiff has not identified any federal employee, (or anyone else), who allegedly forced her to work, or prevented her from receiving adequate medical care.

As previously mentioned, Plaintiff's complaint does not include a caption listing the parties to this action, and none of the allegations in the body of the complaint identify any

of the defendants she is attempting to sue. There is a list of names attached to the complaint, and a different list of names attached to the civil cover sheet. Presumably one of those lists is intended to be a list of the Defendants that Plaintiff is attempting to sue. However, nothing in the complaint itself, or in the attached administrative claim forms, describes any specific acts or omissions by any of the parties whose names appear on the lists submitted with Plaintiff's complaint. Indeed, Plaintiff has not attributed any specific act or omission to any individual person or entity.

The final two paragraphs of the complaint describe the relief Plaintiff is seeking as follows:

> "I come seeking Relieve [sic] for Pain and Stuffing [sic] a unreasonable amount of Pain and Stuffing [sic], a conspiay [sic] to cover up, knowing medical neglect. Stoping [sic] me from being productive, for me and my children, children [sic].
> I come seeking the settlement in the original amount ask for. $55 million for Hands $55 Billion for fugus [sic] $55 million for knees."

(Complaint, p. 3.)

### III. DISCUSSION

Because this action was brought by a prisoner who is (apparently) seeking redress from government employees and entities, Plaintiff's complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental agencies and employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The court must determine which aspects of the pleading are actionable and should be allowed to proceed. If a prisoner-plaintiff has failed to plead a claim on which relief can be granted, the action must be summarily dismissed. 28 U.S.C.

4

§ 1915A(b).[2]

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff is attempting to state a cause of action under the FTCA, 28 U.S.C. §§ 2671 et seq. The FTCA provides an express waiver of the federal government's immunity for claims based on certain torts committed by federal employees. United States v. Orleans, 425 U.S. 807, 813 (1976). The FTCA further provides that an individual federal employee cannot be sued for torts committed during the course of his or

---

[2] The Court recognizes that Plaintiff is no longer in prison, but she was a prisoner when she commenced this action. Furthermore, even if Plaintiff's complaint were not subject to screening under § 1915A, it still would be subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which authorizes federal courts to conduct a sua sponte review of every pleading filed by any party, (prisoner or non-prisoner), who seeks IFP status. Because Plaintiff has applied for IFP status in this case, her complaint is subject to screening under § 1915(e)(2)(B), regardless of her prisoner status.

her employment.  Knowles v. United States, 91 F.3d 1147, 1150 (8th Cir. 1996) ("When someone is injured by a tort committed by an employee of the United States who is acting within the scope of his employment, that employee cannot be sued").  The exclusive legal remedy available to a party who has been injured as a result of a tort committed by a federal employee is a claim against the United States itself, brought under the FTCA.  Id. ("the injured person must sue the United States which is liable in its employee's stead"). Likewise a federal agency cannot be sued as such for its own torts; a claim based on a tort allegedly committed by a federal agency can be brought only against the United States. Duncan v. Department of Labor, 313 F.3d 445, 447 (8th Cir. 2002) ("a federal agency cannot be sued under the Federal Tort Claims Act, the United States is the proper defendant") (citing F.D.I.C. v. Meyer, 510 U.S. 471, 476-77 (1994).

Although it is unclear who, exactly, Plaintiff is attempting to sue in this case, it is reasonable to infer that she is attempting to sue various federal employees and agencies who allegedly committed torts that allegedly caused injuries to Plaintiff.  However, those individual employees and agencies cannot be sued in their own names for torts allegedly committed against Plaintiff.  Under the FTCA, Plaintiff's exclusive remedy for any such torts lies against the United States itself.  Thus, the Court concludes that Plaintiff has failed to state an actionable FTCA claim against any of the parties named in any of her submissions. Because Plaintiff is seeking relief against under the FTCA, the only party that can properly be sued in this action is the United States.

Normally, when an FTCA complainant mistakenly attempts to sue an individual federal employee or agency, the complaint is construed to be brought against the United States itself, and the United States is substituted as the named Defendant in the lawsuit. 28 U.S.C. § 2679(d)(1); see also Midland Psychiatric Associates, Inc. v. United States,

6

145 F.3d 1000, 1004 (8th Cir. 1998) ("when a federal employee is sued in tort, the United States is substituted as the defendant if the Attorney General certifies that the conduct giving rise to the lawsuit was within the scope of the employee's office or employment"). Here, however, it would not be appropriate to make the United States the named Defendant, and allow this lawsuit to proceed against the United States, because Plaintiff's complaint does not allege any facts that could support an FTCA claim against the United States.

In order to plead an actionable FTCA claim, a claimant must allege a set of facts showing that he or she was injured as a result of a tort committed by a federal employee acting within the scope of his or her employment.  See Ali v. Federal Bureau of Prisons, 552 U.S. 214, 218 (2008) ("the FTCA authorizes 'claims against the United States, for money damages ... for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment'") (quoting 28 U.S.C. § 1346(b)(1)).  Plaintiff's complaint does not satisfy this requirement, because she has not described any wrongful acts or omissions by any federal employee or agency.  Plaintiff has alleged (quite inartfully) that she suffered various injuries while she was in federal prison, but her complaint does not allege any facts showing that her injuries were caused by any specific wrongful acts or omissions by a particular federal employee or agency.  Simply put, Plaintiff has not pleaded an actionable FTCA claim, because she has not described any tortious misconduct by any federal employee or agency.

## IV.   CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's current complaint does not state a cause of action on which relief can be granted.  The Court will therefore

recommend that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915A(b), and 28 U.S.C. § 1915(e)(2)(B). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $350.00 filing fee for this case.[3] To date, Plaintiff has paid only $34.78, so she still owes $315.22. Prison officials will have to deduct that amount from her prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).[4] Lastly, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## V.   RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.    Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

---

[3] Under the Prison Litigation Reform Act of 1995, ("PLRA"), prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

[4] The Court realizes, of course, that Plaintiff is no longer in prison, and thus, as a practical matter, the fee payment provisions of § 1915(b)(2) cannot be implemented at this time. However, if Plaintiff ever returns to prison, by violating the terms of supervised release or committing some new crime, § 1915(b)(2) might then become applicable.

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915A(b), and 28 U.S.C. § 1915(e)(2)(B);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the sum of $315.22, in accordance with 28 U.S.C. § 1915(b)(2); and

4. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated: June 15, 2011

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 29, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.